UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

ANTHONY TOMON, et al,            )
     Plaintiffs,                  )
                                  )
          v.                      )    C.A. No. 05-12539-MLW
                                  )
ENTERGY NUCLEAR OPERATIONS, INC., )
     Defendant.                   )

                         MEMORANDUM AND ORDER

WOLF, D.J.                                             August 25, 2011

I.   INTRODUCTION

    This is a class action brought against defendant Entergy Nuclear Operations, Inc. ("Entergy"). Plaintiffs are Entergy employees who allege that Entergy has wrongfully failed to pay them overtime wages of one and one-half times their regular wages.

    Entergy has moved for reconsideration of the court's March 24, 2011 Order, which denied as untimely Entergy's motion to dismiss plaintiffs' claims regarding post-2007 payments to plaintiffs (the "post-2007 claims"). In the alternative, Entergy requests a modification of the June 21, 2007 Scheduling Order, in order to permit Entergy to extend discovery and file a timely motion to dismiss the post-2007 claims. For the reasons described below, the motion is being denied.

II.  ANALYSIS

    Entergy's motion for reconsideration is brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). However, those rules are inapplicable here because they apply only to final judgments. See Barrows v. Resolution Trust Corp., 39 F.3d 1166, at

*3 (1st Cir. 1994) (table) (stating that Rule 59(e) "applies only to final judgments"); Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874 (1st Cir. 1990) ("It is, by this time, well settled that Rule 60 applies only to final judgments."). The denial of a motion to dismiss is not a final judgment. See First Med. Health Plan, Inc. v. Vega-Ramos, 479 F.3d 46, 50 (1st Cir. 2007). Accordingly, the court is considering Entergy's motion under the standard for the reconsideration of interlocutory orders.

"While the Federal Rules do not provide for a motion to reconsider, a district court has the inherent power to reconsider its interlocutory orders . . . ." Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008) (internal quotation marks omitted); see also Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) ("Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case."). However, "[m]otions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). "Instead, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been

2

an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)).

Entergy does not contend that newly discovered evidence or an intervening change in the law justifies reconsideration of the March 24, 2011 Order. Rather, Entergy contends that the denial of its February 25, 2011 motion to dismiss as untimely was a manifest error of law or unjust. This contention is not correct. The complaint in this case was filed on December 19, 2005. Pursuant to the order issued by Judge Morris Lasker, fact discovery concluded on October 22, 2007. See June 21, 2007 Order. Any motion to dismiss was required to be filed by February 29, 2008. Id. It was neither a manifest error of law nor unjust to adhere to the operative scheduling order. Accordingly, Entergy's motion for reconsideration is being denied.

Moreover, the court is not extending the period of discovery in this case because Entergy has not met the Federal Rule of Civil Procedure 16(b) good cause standard for such an extension. That standard "emphasizes the diligence of the party seeking the amendment." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004). Entergy's repeated efforts to obstruct the progress of this case contradict any claim that it has been diligent. For example, most recently, Entergy failed to comply with

3

the February 4, 2011 Order requiring it to produce to plaintiffs, by February 21, 2011, three categories of documents: (a) time and pay information for all remaining named and opt-in plaintiffs for work performed since March, 2007; (b) selective time and pay information for certain named and opt-in plaintiffs for work performed in 2006 and 2007; and (c) all time and pay information for absent class members for the period between December 19, 2003, and November 5, 2010. See Mar. 24, 2011 Order.

As it appears that Entergy has now produced all of the documents required by the February 4, 2011 Order, the parties are being ordered to meet again and report regarding whether they have agreed to settle this case. If they have not, a conference will be held to establish a schedule for trial.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Defendant's Motion for Reconsideration of the Court's March 24, 2011 Order or, in the Alternative, for Modification of the Court's June 21, 2007 Scheduling Order with Respect to Claims Arising After 2007 (Docket No. 397) is DENIED.

2. By September 23, 2011, the parties shall meet in person and confer, at least once, and shall report whether they have agreed to a settlement of this case. If no settlement is reached, the parties shall report whether they both wish to engage in mediation, either privately or before a magistrate judge.

3. If necessary, a pretrial conference shall be held on October 13, 2011, at 3:00 p.m. Counsel who will try this case, as well as at least one representative of their client(s) with full settlement authority, shall attend.

                                                  /s/ Mark L. Wolf
                                      UNITED STATES DISTRICT JUDGE